## FONTENOT v. DREWNIAK.*

### No. 16935.

Court of Appeal of Louisiana. Orleans.

May 30, 1938.

*Rehearing denied June 17, 1938.

Gerald Netter, of New Orleans, for appellant.

Henry P. Viering, of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Domalise Fontenot Coreil, who has died since the initiation of these proceedings, prayed for judgment against Mrs. Sophie Muller Drewniak recognizing petitioner as the owner of twenty shares of stock of the Suburban Building & Loan Association, standing on the books of the association in the name of Mrs. Drewniak, but which Mrs. Coreil alleged actually belonged to her and had been transferred to Mrs. Drewniak for convenience and only temporarily during an illness of Mrs. Coreil which she feared might incapacitate her for a long time.

Since the death of plaintiff, Numa C. Elfer has qualified as testamentary executor of her estate and, in his said capacity, has been substituted as party-plaintiff in these proceedings.

Mrs. Drewniak denied that the stock had been placed in her name only temporarily and for convenience and averred that Mrs. Coreil actually gave it to her in recognition of acts of kindness and as payment for services rendered during the twelve years in which Mrs. Coreil lived with Mrs. Drewniak.

From a judgment recognizing plaintiff as the owner and ordering the stock transferred to her defendant has appealed.

It appears from the record that Mrs. Coreil, at about the age of 70, took up her residence with Mr. and Mrs. Drewniak and continuously remained with them for about twelve years. During that time she paid her board regularly and was not indebted to either of them. She was the owner of twenty shares of stock of Suburban Building & Loan Association represented by certificates which stood in her name and represented also, apparently, by a book which had been issued by the said association to her. On or about March 2, 1936, while she was ill, she indorsed the stock certificates, handed them to Mrs. Drewniak, and authorized her to take them to the homestead association and to have transferred to her the stock represented by the said certificates. This was done

and after that such dividends as were paid by the homestead association were paid to Mrs. Drewniak, who, however, upon receiving each dividend, paid the amount thereof to Mrs. Coreil. When the transfer of stock was made, the certificate which was issued in the name of Mrs. Drewniak was not indorsed by her but was turned over to Mrs. Coreil, who retained it until her death.

Although plaintiff testified that she had not authorized defendant to obtain the certificates and that she had not indorsed them, it is quite evident that she is mistaken in these two particulars. In her petition she did not charge that Mrs. Drewniak had not been authorized to affect the transfer and she did not charge that she had not indorsed the certificates, but, on the contrary, alleged that she had caused the transfer to be made merely for convenience and because she, plaintiff, was seriously ill and contemplated that this illness would be protracted. It appears, then, that the stock was placed in Mrs. Drewniak's name with the complete authority of Mrs. Coreil and the only question remaining is whether that was done in payment for services, or as a gift to Mrs. Drewniak, or merely for temporary convenience in order that, during Mrs. Coreil's illness, should she need funds, it would be easy to obtain them by having Mrs. Drewniak negotiate the certificate.

From the fact that plaintiff retained possession of the certificate and required that the amount of all dividends be paid to her, we conclude that the placing of the stock in defendant's name did not evidence an intention to donate at that time since the certificate was not then delivered. The uniform stock transfer act—No. 180 of 1910—provides that title to shares of stock may be transferred by delivery of the properly indorsed certificate. But surely there is no delivery where it is required that the certificate be at once returned to the possession of the owner. There was no manual gift from which a donation inter vivos could be said to result because there was no actual delivery of the property said to have been donated. The certificate was retained and all dividends were required to be paid to Mrs. Coreil. The transfer to the name of Mrs. Drewniak could not be considered as a donation mortis causa to take effect in futuro because no such form of donation is recognized by the laws of this state.

In Succession of Sinnot v. Hibernia National Bank et al., 105 La. 705, 30 So. 233, it was held that there is not known to the law of this state a donation "causa mortis", as distinguished from a donation "mortis causa." There it was contended that a valid donation had resulted when, before death, a stock certificate had been handed to another person with the words (page 235): "I want you to keep them after I am dead". The court said that such a donation—made in contemplation of death to take effect after death—was unknown to the law of this state, and, not being, in form, either a donation inter vivos, or a donation mortis causa, could not be said to have transferred title.

The situation here is not the same as was found in Succession of McGuire, 151 La. 514, 92 So. 40, for there the certificate of stock and a complete power of attorney authorizing the transfer were actually delivered. The court said (page 43), that Section 1 of the Uniform Stock Transfer Act—No. 180 of 1910—"provides that title to certificates of stock and to shares represented thereby can be transferred by the delivery of such a document and of the certificate of stock".

But here there was no delivery; the certificate was required to be immediately returned and was subsequently held by the person who later died. Obviously there was no completed transfer at that time.

The contention that the stock was given in payment for services said to have been rendered by Mrs. Drewniak cannot be accepted because only a very feeble effort is made to show any services except those for which Mrs. Drewniak had already been fully and regularly compensated and those services were only such as might, under the circumstances, be expected to be rendered without hope of compensation or reward.

We conclude that our brother below was correct in his conclusion and that the stock was placed in defendant's name merely for convenience in the event that, during the illness contemplated by Mrs. Coreil, should she need funds and find it difficult to obtain them otherwise, she might, through Mrs. Drewniak, easily negotiate the stock. The judgment appealed from is, therefore correct.

It is necessary, however, that it be amended and that Numa C. Elfer, as testamentary executor of the estate of Mrs. Coreil, be substituted as party-plaintiff.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by the substitution of Numa C. Elfer, Testamentary Executor of the Estate of Mrs. Domalise Fontenot, Widow of Theodore Coreil, as party-plaintiff-appellee and that, as thus amended, the judgment appealed from be and it is affirmed, at the cost of appellant.

Amended and affirmed.